UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
EMILIANO HUERTA, individually and on behalf of all others similarly situated,

                                Plaintiff,

-against-

AURA WELLNESS SPA CORP., ROCKFORD CHUN, and "JANE DOE" [LEGAL NAME UNKNOWN],

                                Defendants.
---------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Emiliano Huerta ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Aura Wellness Spa Corp. ("Aura"), Rockford Chun, and "Jane Doe" [Legal Name Unknown] a/k/a Helen ("Helen")(collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. Defendant Aura is a domestic corporation with its principal place of business located at 49 West 33rd Street, New York, New York 10001.

7. Aura provides spa and wellness services to its customers, including massages, facials, and body treatments.

8. Defendant Chun is an individual residing, upon information and belief, in the State of New York.

9. At all relevant times Chun was, and still is, an officer, director, shareholder and/or person in control of Aura who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. Defendant Helen is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times Helen was, and still is, an officer, director, shareholder and/or person in control of Aura who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12. At all relevant times, Defendants were responsible for setting Plaintiff's schedules and day-to-day activities, and for supervising his performance.

13. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14. At all relevant times, Defendants were responsible for compensating Plaintiff.

15. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

16. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

17. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

18. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

19. Defendants operate in interstate commerce.

20. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

21. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

22. The FLSA Collective Plaintiffs consist of no less than twenty (20) similarly situated current and former employees of Defendants who have been victims of Defendants' common

policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other pay.

23. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

25. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

26. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

27. Plaintiff worked for Defendants as a locker room maintenance employee from in or around December 2008 until on or around July 22, 2019.

28. As a locker room maintenance employee, Plaintiff's primary job duties included cleaning the facilities; attending to clients; making repairs, including changing light bulbs and changing pipes; and working the front desk when the receptionist was on break.

29. Throughout his employment with Defendants, Plaintiff regularly worked five (5) days per week, as follows: Mondays from 10:00 a.m. to 1:00 a.m., Tuesdays from 2:00 p.m. to 1:00 a.m., Wednesdays from 5:00 p.m. to 1:00 a.m., Thursdays from 10:00 a.m. to 1:00 a.m., and Fridays from 10:00 a.m. to 5:00 p.m., for a total of approximately fifty-six (56) hours per week.

30. Throughout his employment, Plaintiff was not afforded a daily meal or rest break during his shifts, and ate any meals while working.

31. From the start of his employment until in or around December 2008, Plaintiff was paid an hourly rate of $8.00 for all hours worked.

32. From in or around January 2009 until in or around December 2014, Plaintiff was paid an hourly rate of $9.00 for all hours worked.

33. From in or around January 2015 until in or around December 2016, Plaintiff was paid an hourly rate of $11.00 for all hours worked.

34. From in or around January 2017 until in or around December 2018, Plaintiff was paid an hourly rate of $13.00 for all hours worked.

35. From in or around January 2019 until the end of his employment, Plaintiff was paid an hourly rate of $15.00 for all hours worked.

36. Beginning in or around January 2019 and continuing until the end of Plaintiff's employment, Defendants deducted from Plaintiff's paycheck a thirty (30) minute meal break for each shift lasting up to eight (8) hours, and a sixty (60) minute meal break for each shift that was longer than eight (8) hours.

37. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to spread of hours pay and overtime compensation.

38. However, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for the hours he worked over forty (40) per week.

39. Furthermore, beginning in January 2019, Defendants unlawfully deducted a total of three and one-half (3.5) hours per week from Plaintiff's compensation for meal breaks that Plaintiff did not take.

40. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten (10) hours ("spread of hours pay").

41. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

42. In addition, Plaintiff did not receive, with each wage payment, statements listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

43. Defendants violated federal and state law by willfully failing to pay Plaintiff and similarly situated employees overtime compensation, and by willfully failing to pay Plaintiff spread of hours wages, making unlawful deductions from Plaintiff's wages, and failing to provide Plaintiff with statutory payroll notices and wage statements.

## **AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE PLAINTIFFS**
(Overtime Violations Under the FLSA)

44. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

45. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

46. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

47. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

48. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

49. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

50. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Overtime Violations Under the NYLL)

51. Plaintiff repeats and realleges all prior allegations set forth above.

52.     Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

53.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

54.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

55.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

56.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

57.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Spread of Hours Violations Under the NYLL)

58.     Plaintiff repeats and realleges all prior allegations.

59.     Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

60.     Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

61. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. § 142-2.4.

62. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(Unlawful Deductions from Wages Under the NYLL)

63. Plaintiff repeats and realleges all prior allegations.

64. Pursuant to the provisions of NYLL § 193(1), employers are prohibited from making any deductions from the wages of an employee, except in limited circumstances.

65. Although Plaintiff worked through his meal breaks throughout his employment, from in or around January 2019 until the end of Plaintiff's employment, Defendants unlawfully deducted three and one-half (3.5) hours of meal time per week from Plaintiff's wages.

66. By making unlawful deductions from Plaintiff's wages, Defendants willfully violated NYLL § 193.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unlawfully deducted wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(Failure to Timely Pay Wages Under the NYLL)

68. Plaintiff repeats and realleges all prior allegations.

69. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

70. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

71. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

72. Throughout the relevant period, Defendants failed to pay Plaintiff all overtime wages, spread of hours wages, and unlawfully deducted wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

73. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

74. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Failure to Provide Payroll Notices Under the NYLL)

76. Plaintiff repeats and realleges all prior allegations.

77. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

78. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Failure to Provide Wage Statements Under the NYLL)

80. Plaintiff repeats and realleges all prior allegations.

81. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

82. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for

every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

83. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all unlawfully deducted wages, liquidated damages, and reasonably attorneys' fees, in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 3, 2019

*/s/ Nicole Grunfeld*
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*
