| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>EMILIANO HUERTA, *individually and on behalf of all others similarly situated*,<br><br>                         Plaintiff,<br><br>                         -against-<br><br>AURA WELLNESS SPA CORP. et al.,<br><br>                         Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 2/24/2021<br><br>1:19-cv-11095 (MKV)<br><br>ORDER OF DISMISSAL |

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Emiliano Huerta brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. LAB. LAW §§ 190 *et seq.*, alleging that Defendants failed to pay him overtime wages, among other claims. In particular, Plaintiff alleges that Defendants employed him to perform locker room maintenance at their spa [ECF #1 ("Cmpl.") ¶ 27]. He alleges that he often worked overtime but he was not compensated accordingly. Cmpl. ¶ 38. Plaintiff asserts that Defendants owe him approximately $27,840 in unpaid overtime wages, as well as at least $10,784.25 based on his other claims, for a total of more than $38,624.25 [ECF #31 at 2].

      The parties have reached a settlement. Because Plaintiff asserts a claim under the FLSA, judicial approval is required. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The parties have submitted a letter explaining why their proposed settlement is fair and the fees Plaintiff's attorneys are seeking are reasonable [ECF #31 ("*Cheeks* Letter")], a copy of the settlement agreement [ECF #31-1], and attorney time records [ECF #31-2].

      "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL

4813784, at *1 (S.D.N.Y. Nov. 16, 2010).  Specifically, the Court must consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Court has carefully reviewed the parties' submissions, and the Court finds that the proposed settlement is fair and reasonable.  The Court finds that the proposed settlement "is the product of arm's-length bargaining between experienced counsel." *Id*.  In finding that the proposed settlement is fair, the Court has carefully considered Plaintiff's alleged damages and possible recovery, the challenges that he would face if this case were to proceed to trial, and the challenges that he might face in collecting on any larger judgment against Defendants. *See Cheeks* Letter at 2–3.  Accordingly, IT IS HEREBY ORDERED that this action is dismissed with prejudice. *See* Fed. R. Civ. P. 41.

The Court also finds that the fees Plaintiff's counsel seeks to collect are reasonable. *See Wolinsky*, 900 F. Supp. 2d at 336–37; *Cisek v. National Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997).  Although the fees slightly exceed thirty percent of the total recovery, it is less than the "lodestar" amount for Plaintiff's counsel. *See Cheeks* Letter at 4; *Hernandez v. Merrill Lynch & Co.*, 2013 WL 1209563, at *9 (S.D.N.Y. Mar. 21, 2013). Accordingly, IT IS FURTHER ORDERED that attorneys' fees in the amount of $5,501.33 and costs of $496 are approved.

IT IS FURTHER ORDERED that all other dates and deadlines are adjourned. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Date: **February 24, 2021**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**